LAND, J.
The defendant was charged by affidavit in the First recorder’s court of the city of New Orleans with the violation of Ordinance No. 1165, relative to fruit stands, *865 on St. Charles street, between Canal and Common streets in said district and city.
Defendant was tried and found guilty, and sentenced to pay a fine of $25, or, in default thereof, to be imprisoned in the parish prison for 80 days.
After pleading not guilty, defendant withdrew his plea, and filed a demurrer to said affidavit, on the grounds:
“That the commission council of the city of New Orleans have no right to specify or designate a certain district or portion of the city wherein fruit stands or other stands, where eatables or food of any kind or description are sold; to occupy any part or portion of the sidewalk within the territory bounded by Decatur, Magazine, Liberty, Gravier, and Bienville streets; that said ordinance or law is in violation of the Constitution of the state of Louisiana.”
This demurrer was overruled by the court, defendant was rearraigned, pleaded not guilty, the trial was proceeded with, and defendant was convicted.
[1] Defendant has appealed to this court as to the constitutionality of the ordinance in question, which reads as follows:
“No. 1165 Commission Council Series. An ordinance amending and re-enacting section 1 of Ordinance No. 972, Commission Council Series, so as to prohibit the use of sidewalks in the territory bounded by Decatur street, Magazine street (North and South), Liberty, Gravier, and Bienville streets, from oecu.pancy by fruit stands or other stands, where eatables or food of any kind or description is sold, or by shoeshine. or bootblack stands.
“Section 1. Be it ordained by the commission council of the city of New Orleans, that section 1 of Ordinance 972, C. C. S., be and the same is hereby amended and re-enacted so as to read as follows, to wit: That it shall be unlawful for any fruit stands, or other stands where eatables or food of any kind or description is sold, shoe shine or bootblack stands; whether the same shall have existed prior to or at the time of the passage of this ordinance, to occupy any part or portion of the sidewalk in the city of New Orleans in the territory bounded by Decatur street, Magazine street (North and South), Liberty, Gravier, and Bienville streets.”
Section 1 (e) of Act 159 of 1912, the charter of the city of New Orleans, declares that:
“The city shall also have all powers, privileges and functions which, by or pursuant to the Constitution of this state, have been, or could be, granted to or exercised by any city.”
Section 1 (d) of said act declares that:
“The legislative, executive, and judicial powers of the city shall extend to all matters of local and municipal government, it being the intent thereof, that the 'specifications of particular powers by any other provision of this charter shall never be construed as impairing the effect of the general grant of powers of local government hereby bestowed.”
Under this grant of power, the city of New Orleans clearly has authority to pass ordinances to prohibit the obstruction of the free use of its sidewalks, as a matter of safety, comfort, and convenience to its inhabitants, especially in a district of the city where there is more or less congestion.
[2] The territory included in the ordinance evidently embraces a portion of the business district of New Orleans, and the necessity and reasonableness of the ordinance is presumed, and primarily had to be determined by the commission council.
We find no evidence in the record to show that this ordinance is unreasonable, or oppressive.
The judgment appealed from is therefore affirmed.